DESTINEE DALE,
individually and on behalf of all
others similarly situated,

      Plaintiff(s),                              Case No.: 8:21-cv-02246-TPB-CPT

v.


GULF COAST HOLDINGS, LLC;
d/b/a OZ's GENTLEMEN'S CLUB,
a Florida Limited Liability Company,
PAUL SCAGNELLI, an individual,
DOE MANAGERS 1 through 3, and
DOES 4 through 10, inclusive,

      Defendants.

_____/

## DEFENDANTS' MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

COMES NOW the Defendant, GULF COAST HOLDINGS, LLC, d/b/a OZ's GENTLEMEN'S CLUB, a Florida limited liability company, PAUL SCAGNELLI, an individual, DOE MANAGERS 1 through 3, and DOES 4 through 10, Inclusive, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b), hereby move the Court to Compel Arbitration and Dismiss, or, in the Alternative, Stay Proceedings pending arbitration, and in support thereof would state as follows:

1. This action commenced with the filing of the Complaint [Doc. 1] on September 22, 2021.

2. On or about October 4, 2021, the LLC Defendant was served with the underlying Complaint.

3. Alleged in the Complaint [Doc. 1] are a variety of causes of action, including Count I: Failure to Pay Minimum Wage Pursuant to FLSA, 29 U.S.C. § 206; Count II: Illegal

Kickbacks, 29 C.F.R. § 531.35 Count III: Unlawful Taking of Tips in Violation of the

FLSA, 29 U.S.C. § 203; Count IV: Forced Tip Sharing, 29 C.F.R. § 531.35; and a Prayer

for Relief and Demand for Jury Trial.

4. DALE and Defendants executed a Performer License and Temporary Space Lease

Agreement (the "Agreement") on May 8, 2019. The Agreement is attached hereto as

Exhibit "A."

5. The Agreement contains an Arbitration Clause, which reads as follows (all emphases, bold

type, underlines in original):

### THIS AGREEMENT IS SUBJECT TO ARBITRATION:

**The parties agree that this Agreement is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement, as well as any and all issues arising out of any State or Federal Wage and Hour or Fair Labor Standards Act issues, or any other regulatory, administrative, or other issue, including disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association, FLORIDA branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes.) THE PARTIES MAY AGREE TO UTILIZE ANOTHER QUALIFIED ARBITRATION SERVICE. The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 16. The arbitrator will have no authority to many any ruling, finding, or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this Agreement. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration will be HILLSBOROUGH COUNTY, FLORIDA. The**

arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 16 in which event the provisions of this Section 16 shall control.

THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT THE ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA. FOR ANY CLAIMS OF THE PERFORMER BASED UPON ANY FEDERAL, STATE, OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDCTION.

PERFORMER UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME PERFORMER IS NAMED A MEMBER OF ANY CLASS CREATED BY THE COURT IN ANY PROCEEDINGS, HE/SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HIS/HER BEHALF PERFORMER SHALL WAIVE HIS/HER RIGHTS TO ANY SUCH MONETARY RECOVERY.

6. The District Courts in Florida have consistently upheld both identical and similar Arbitration Clauses. See Exhibit "B," the Order on Report and Recommendation issued in *Alvarado, et al. v. Robo Enterprises, Inc.*, Case No.: 6:15-cv-1420-PGB-KRS, MD Fla (June 2, 2016, Doc. 62); Exhibit "C," Order issued in *Tennant, et al. v. N. Franze Hospitality LLC, et al.*, Case No. 8:15-cv-2372-T-23EAJ, MD Fla (April 5, 2016, Doc. 37); Exhibit "D," Order on Motion to Compel Arbitration issued in *Orme no, et al. v. S&J Crazy Lizards Entertainment, et al.*, Case No. 15-CIV-81726-BLOOM/Valle, SD Fla (April 11, 2016, Doc. 46); and Exhibit E," *Order issued in Moore-Woodland, et al., v. Blue Diamond Dolls, Inc.*, Case No. 8:16-cv-00421-T-24UAM, MD Fla (May 9, 2016, Doc. 26); all of which compel Plaintiff(s) in similar cases to be referred to arbitration, when a similar arbitration clause has been signed and executed by the Plaintiff(s).

7. As detailed in the above Arbitration Clause, the parties have agreed that the Agreement is governed by Florida law.

8. The Florida Arbitration Code provides that an agreement to arbitrate or a provision in a contract providing for the arbitration of disputes is valid, enforceable, and irrevocable without regard to the justifiable character of the controversy. See Section 682.02, Florida Statutes.

9. Agreements to arbitrate are valid and enforceable and public policy favors arbitration as an alternative to litigation. See *Larry Kent Homes, Inc. v. Empire of America FSA*, 474 So.2d 868 (5DCA 1985).

10. Where a valid right of arbitration exists, it is a departure from the essential requirements of law to permit the parties to litigate the dispute in court. See *U.S. Fire Ins. Co. v. Franko*, 443 So. 2d 170 (1DCA 1983); *Paine, Webber, Jackson & Curtis, Inc. v. Lucas*, 411 So. 2d

1369 (5DCA 1982); *Lapidus v. Arlen Beach Condominium Assoc.*, 394 So. 2d 1102 (3DCA 1981); and *Vic Potamkin Chevrolet, Inc. v. Bloom*, 386 So. 2d 286 (3DCA 1980).

11. Contracts to arbitrate are not to be avoided while allowing one party to ignore the contract and resort to the Courts, since such a course could lead to prolonged litigation, one of the very risks that the parties, by contracting for arbitration, sought to eliminate. See *Southland Corp. v. Keating*, 465 U.S. 1, 194 S.Ct. 852 (1984).

12. Based on the foregoing, DALE should be compelled by Order to participate in arbitration pursuant to the Agreement executed by the parties.

WHEREFORE, the Defendants respectfully request that the Court issue an Order compelling the parties to arbitration, to be initiated and held in the State of Florida, according to the plain terms of the Agreement, and that the instant matter be dismissed, or, in the alternative, stayed pending conclusion of arbitration.

Date: October 22, 2021

Respectfully Submitted,

/s/Luke Lirot
Luke Lirot, Esq.
Florida Bar Number 714836
Sean X. Colon, Esq.
Florida Bar Number 1010686
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Attorneys for Defendants*
luke2@lirotlaw.com (primary e-mail)
krista@lirotlaw.com (secondary e-mail)
sean@lirotlaw.com (secondary e-mail)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

/s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836