UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESTINEE DALE, individually and
on behalf of others similarly situated,

    Plaintiff,

v.                                      Case No. 8:21-cv-2246-CPT

GULF COAST HOLDINGS, LLC
d/b/a OZ'S GENTLEMEN'S CLUB,
a Florida Limited Liability Company,
et al.,

    Defendants.
_____/

**O R D E R**

    Before the Court is the Defendants' *Second Amended Motion to Reopen Case, Motion for Approval of Settlement of FLSA Claims, and for Dismissal with Prejudice*. (Doc. 49). After careful review and with the benefit of oral argument, the Defendants' motion is granted in part and denied in part.

I.

    Plaintiff Destinee Dale initiated this collective action in September 2021 pursuant to the Fair Labor Standards Act (FLSA or the Act), 29 U.S.C. §§ 201–219 against her former employer, Defendant Gulf Coast Holdings, LLC, d/b/a Oz's

Gentlemen's Club, and its owner, Defendant Paul Scagnelli. (Doc. 1). The gist of Dale's complaint is that the Defendants failed to pay her and other exotic dancers at the Defendants' establishment the minimum and overtime wages to which they were entitled under the FLSA as part of "scheme to classify [Dale and her colleagues] as 'independent contractors.'" *Id.* Dale also averred in her complaint that the Defendants violated certain federal prohibitions pertaining to kickbacks, tip sharing, and forced tipping. *Id.*

After Dale commenced this lawsuit, four additional plaintiffs consented to join the case: Julie Zats (Doc. 7), Kaitlyn Roush (Doc. 9-1), Marilyn Maas (Doc. 9-2), and Alana McRae (Doc. 13). In November 2021, these women, along with Dale and the Defendants, notified the Court that they wished to arbitrate their dispute in accordance with an arbitration agreement they signed and asked that the Court stay the action in the interim. (Doc. 21). The Court granted the parties' request and directed the parties to seek leave to reopen the case within fifteen (15) days following any resolution arising out of the arbitration proceedings. (Doc. 22). A fifth dancer, Skyler Hall, then filed a notice of consent to be a part of the suit as well. (Doc. 31). Subsequent to Hall's joining the action, all five women—Dale, Zats, Roush, Maas, McRae, and Hall (collectively, the Plaintiffs)—reached a mutually acceptable disposition of their dispute with the Defendants and memorialized their accord in individual settlement agreements with the Defendants. (Doc. 49).[1]

---

[1] Four other plaintiffs opted-in after the action was referred to arbitration but later voluntarily

2

By way of the instant motion, the parties now ask that the Court approve these separate settlement agreements pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *Id.* The parties' proposed resolutions provide for the payment of certain specified amounts to each of the Plaintiffs. *Id.* In exchange for this renumeration, the Plaintiffs stipulate in their agreements that they will release claims of "every nature" against the Defendants and the Defendants' related entities. *Id.* The Plaintiffs' agreements with the Defendants also include a provision effectively dictating that the Court retain jurisdiction to enforce the terms of the parties' proposed dispositions. *Id.* As for attorney's fees, the Defendants represent that they will address this matter in a supplemental application. *Id.*

The Court heard oral argument on the parties' motion, at which counsel for the Plaintiffs and the Defendants appeared. At that proceeding, the Court questioned the parties as to whether the broadly worded general releases in their settlement agreements were supportable under the governing case law. Counsel for both sides conceded they were not and agreed to modify these clauses so that they only applied to the Plaintiffs' FLSA claims, as well as any state law wage and hour causes of action.

The Court also expressed concern regarding the issue of attorney's fees and the requirement that it retain jurisdiction over the litigation to enforce the terms of the parties' stipulated resolutions. With respect to the former issue, the parties' confirmed

---

dismissed their claims without prejudice. (Docs. 23-1, 23-2, 24-1, 24-2, 54). Accordingly, none of these four women are the subject of the settlements discussed herein.

that no attorney's fees were being sought and that the Defendants' statement to the contrary in their motion was a scrivener's error. Regarding the jurisdictional provision, the attorneys similarly explained that this clause was the product of an inadvertent oversight and acknowledged that the agreed-upon settlement amounts had already been paid to the Plaintiffs.

II.

Congress enacted the FLSA to protect employees from the "inequalities in bargaining power between employers and employees." *Lynn's Food*, 679 F.2d at 1352. To further this purpose, the Supreme Court has placed "limits on the ability of private parties to settle FLSA lawsuits." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704–05 (1945)).

In an FLSA action brought directly by a current or former employee for unpaid wages, a district court must evaluate the parties' settlement agreement "for fairness" before dismissing the action. *Id.* at 1306–07 (quoting *Lynn's Food*, 679 F.2d at 1353) (internal quotation marks omitted). Specifically, a district court must determine whether the parties' proposed disposition constitutes a "'fair and reasonable resolution of a bona fide dispute'" under the Act. *Sanchez v. M&F, LLC*, 2020 WL 4671144, at *3 (M.D. Fla. Aug. 12, 2020) (quoting *Lynn's Food*, 679 F.2d at 1355). In rendering this determination, courts within this District often consider the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the

probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citation omitted).

If a district court finds that a parties' accord reflects a fair and reasonable compromise of genuinely contested issues, it may authorize the parties' agreed-upon disposition "to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. In the end, district courts are afforded discretion in deciding whether to approve a parties' proposed resolution of an FLSA action. *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (per curiam) (citation omitted).[2]

The main *Dees* factors implicated by the parties' settlement agreements here appear to be the probability of the Plaintiffs' success on the merits, the range of their possible recovery, the cost of litigation, and the advice of the parties' respective attorneys. At oral argument, the parties—through their lawyers—explained that their stipulated dispositions of the Plaintiffs' claims were predicated upon an analysis of the Defendants' time sheets and other business records, all of which the Plaintiffs acknowledged were accurate. (Doc. 49). The parties further advised that, as a result of their analysis of these materials, they were able to calculate the amounts the Plaintiffs reasonably could expect to be awarded at trial and jointly recognized in doing so that a compromise was advantageous to both sides. *Id.*

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

5

In light of these representations, it is evident that due to the expense and risks which would attend further legal proceedings, the parties—with the benefit of their attorneys' guidance—have determined that it is in their respective best interests to bring this matter to closure based upon their agreed-upon stipulated terms. Taking into account the particular circumstances of this lawsuit, the parties' counseled decision to resolve the Plaintiffs' claims in the manner they propose constitutes an appropriate basis for authorizing their settlement agreements. *See Dees*, 706 F. Supp. 2d at 1241 (finding that an FLSA settlement "'will, almost by definition, be reasonable'" where "'the parties are represented by competent counsel in an adversary context'") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

The parties' release clauses—as modified at oral argument—do not dictate a different result. In contrast to the type of sweeping waivers that courts have found to be an anathema to the FLSA, *see Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–52 (M.D. Fla. 2010), the revised release provisions to which the parties mutually assented at oral argument no longer require the Plaintiffs to forgo their rights to pursue unknown causes of action unrelated to their FLSA claims. As a result, these clauses do not undermine the fairness or reasonableness of the parties' settlement agreements. *See Reyes v. Fresenius Med. Care Holdings, Inc.*, 2021 WL 7630115, at *4 (M.D. Fla. Aug. 24, 2021) (approving a release of state law causes of action which were not raised in the complaint because they were narrowly tailored to the FLSA wage claim asserted in that pleading), *report and recommendation adopted*, 2021 WL 7630116 (M.D. Fla. Aug.

6

26, 2021); *Cooper v. Garda CL Se., Inc.*, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding a release in an FLSA action to be reasonable where it was confined "to federal and state law wage and overtime claims existing at the time of the settlement").

### III.

For the reasons set forth above, it is hereby ORDERED:

1. The Defendants' *Second Amended Motion to Reopen Case, Motion for Approval of Settlement of FLSA Claims, and for Dismissal with Prejudice* (Doc. 49) is granted in part and denied in part as described herein.

2. The Court approves the parties' settlement agreements as modified at oral argument.

3. The Clerk of Court is directed to dismiss this action with prejudice and to close the case.

SO ORDERED in Tampa, Florida, this 1st day of November 2023.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record